**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

| | | |
|---|---|---|
| IN RE: | § | |
| | § | BANKRUPTCY CASE NO. 10-36924-H4-7 |
| CES ENVIRONMENTAL SERVICES, INC., | § | |
| | § | CHAPTER 7 |
| *Debtor.* | § | |
| —————————————— | § | |
| | § | |
| CHARTIS SPECIALTY INSURANCE COMPANY | § | |
| F/K/A AMERICAN INTERNATIONAL | § | |
| SPECIALTY LINES INSURANCE COMPANY, | § | |
| | § | |
| *Appellant,* | § | |
| | § | CIVIL ACTION H-11-560 |
| v. | § | |
| | § | |
| DAVID J. ASKANASE, | § | |
| Chapter 7 Trustee, | § | |
| | § | |
| *Appellee.* | § | |

**ORDER**

Pending before the court is appellant Chartis Specialty Insurance Company's ("Chartis") amended motion to appeal pursuant to 28 U.S.C. § 158 and Federal Rules of Bankruptcy Procedure 8003. Dkt. 3. Having considered the amended motion, response, reply, sur-reply, and attachments to these documents, the court is of the opinion that Chartis's motion should be DENIED.

**I. BACKGROUND**

Chartis issued two pollution liability insurance policies to debtor CES Environmental Services, Inc. ("CES"). Dkt. 3. Chartis claims that these policies do not apply to pollution conditions that occurred within the boundary of CES's insured facilities, but they may provide coverage for pollution conditions that occurred outside of the boundaries of CES's insured facilities. Dkt. 3, Exh. B. There are currently four lawsuits pending in state court against CES relating to

alleged pollution ("Defense Litigation"). *Id.* Chartis is providing insurance defense in these cases, subject to a reservation of rights. Bankr. Dkt. 279; *see also* Bankr. Dkt. 234-1, 3. On December 3, 2010, the Bankruptcy Trustee filed an application for the court to appoint special litigation counsel to represent the Trustee in the Defense Litigation, as well as two cases in which CES is the plaintiff and the City of Houston is the defendant. Dkt. 3, Exhs. A, B. Chartis claims that it, and not the Bankruptcy Trustee, is the real party in interest in the Defense Litigation. Dkt. 3. Chartis, however, did not receive notice of the application to appoint special litigation counsel. *Id.*

The bankruptcy judge granted the Trustee's application for the appointment of special litigation counsel on December 7, 2010. Dkt. 3, Exh. A. In the order granting the application, the bankruptcy court appointed Camara & Sibley, LLP ("C&S") as special litigation counsel. *Id.* It ordered that C&S be compensated on a contingency fee basis for the litigation against the City of Houston, and it ordered that C&S's fees and expenses related to the Defense Litigation be paid "solely under the applicable insurance policies and subject to Court approval." *Id.*

Chartis filed a motion to vacate and modify the order appointing C&S on December 15, 2010. Dkt. 3, Exh. B. Chartis claimed, in its motion to vacate and modify, that its due process rights were violated when the bankruptcy court granted the application for appointment of counsel without providing Chartis with notice and an opportunity to object. *Id.* Chartis also argued that the insurance proceeds at stake in the litigation are not property of the estate, as the plaintiffs in the four cases waived claims against the estate. *Id.* Chartis claims CES is merely a nominal party in these cases. Id. As such, Chartis contends that the Defense Litigation does not have any impact on the estate, and thus Chartis, and not the Trustee, should have the right to select counsel.

The bankruptcy court held a hearing on the motion to vacate and modify on January 13, 2011. *See* Bankruptcy Dkt. 279 (Transcript); Bankruptcy Dkt. 280. During that hearing, the bankruptcy

2

judge provided an opportunity for both Chartis and the Trustee to present their arguments, evidence, and witnesses. Bankruptcy Dkt. 279. The Trustee provided four exhibits—the insurance polies and accompanying reservation of rights letters, and he presented one witness—the Trustee. *Id.* Chartis did not present any evidence or witnesses, though it did cross examine the Trustee. *Id.* The Trustee testified that the actions in the Defense Litigation could have a negative impact on CES's claim against the City of Houston. *Id.* Specifically, CES sued the City of Houston because the City of Houston allegedly "shut down" CES's business for no reason. *Id.* A negative outcome in the Defense Litigation, from CES's perspective, could impact its claim against the City of Houston, as it could buttress the City's claim that it had a valid reason to "shut down" CES's business. *Id.* The Trustee testified that he believes it was proper for the Trustee, rather than Chartis, to appoint counsel, because of that potential impact. *Id.* Additionally, the Bankruptcy Trustee testified that Chartis's reservation of rights "creates a per se conflict" and that he had "some concern that [the Defense Litigation] may go in a direction that would affect the estate in the other litigation." *Id.* Chartis argued that any impact to the estate is merely speculative and that, regardless, the insurance company has the contractual right to select defense counsel. *Id.*

The bankruptcy judge found the Trustee's testimony credible. *Id.* He noted that there is a reservation of rights clause and that, as such, the Trustee, as a fiduciary of the estate, should have a right to choose counsel in litigation impacting the estate. *Id.* The court therefore overruled Chartis's motion to modify the order appointing special litigation counsel. *Id.*

## II. LEGAL STANDARD

Under 28 U.S.C. § 158(a), a district court has jurisdiction to hear appeals "(1) from final judgments, order, and decrees; (2) from interlocutory orders and decrees issued under section 1121(d) of title 11 . . .; and (3) with leave of court, from other interlocutory orders and decrees."

3

Chartis contends first that the order denying the motion to vacate and modify is a final order and, alternatively, that if the court determines that the order is interlocutory, the court should grant leave to appeal.  A judgment, order, or decree is final if it ends "the litigation on the merits" and leaves "nothing for the court to do but execute the judgment." *Matter v. Aucoin*, 35 F.3d 167, 169 (5th Cir. 1994).  However, the Fifth Circuit views "the finality in bankruptcy proceedings in a more practical and less technical light." *In re England*, 975 F.2d 1168, 1171 (5th Cir. 1992).  As such, if a bankruptcy order "ends a discrete judicial unit in the large case," it "concludes a bankruptcy proceeding and is a final judgment" for the purposes of Rule 158.  *Id.*

Chartis argues that the bankruptcy court's order denying its motion to vacate and modify is a final order under Rule 158 because it "completely disposed of the retention of C&S as special litigation counsel for the Trustee." Dkt. 3.  The court disagrees.  The order disposes of the issue regarding the appointment of counsel, but it also expressly requires that the fees and expenses will be paid "solely under the applicable insurance policies *and subject to Court approval*." Dkt. 3, Exh. A (emphasis added).  Thus, even if one were to consider, as Chartis suggest, "the retention of C&S as special litigation counsel" as a "discrete judicial unit," the order did not "completely dispose of" this unit because the bankruptcy court still must approve the fees and expenses.  Moreover, it is premature to claim that the appointment of counsel completely disposed of the issue of retention of special litigation counsel because, as long as the underlying litigation is ongoing, there is a chance that the Trustee will find C&S's representation unsatisfactory and apply to substitute a different firm.

Chartis argues, in the alternative, that if the court determines the bankruptcy court's order is interlocutory, it should exercise its discretion under § 158(a)(3) and allow the appeal. District courts generally use the standard under 28 U.S.C. § 1292(b) to determine whether to allow an interlocutory appeal.  *See In re Ichinose*, 946 F.2d 1169, 1177 (5th Cir. 1991) (noting that "the vast majority of

4

district courts" adopt the § 1292(b) standard); *In re Butan Valley, N.V.*, No. H-09-0066, 2009 WL 94833, at *1 (S.D. Tex. Jan. 13, 2009) ("The Fifth Circuit has not expressly adopted criteria specifically for determining whether to grant leave to appeal an interlocutory order from a bankruptcy court, but it has recognized that many district courts use the standard applied under 28 U.S.C. § 1292(b) . . . ." (citing *In re Ichinose*)). "This standard consists of three elements: (1) a controlling issue of law must be involved; (2) the question must be one where there is substantial ground for difference of opinion; and (3) an immediate appeal must materially advance the ultimate termination of the litigation." *In re Ichinose*, 946 F.2d at 1177.

### III. ANALYSIS

The Trustee argues that Chartis has not provided briefing in support of any of the § 1292(b) elements. Bankr. Dkt. 280; Dkt. 6. Chartis contends that it has raised legal issues justifying an interlocutory appeal, including (1) whether it is a real party in interest that was entitled to notice; (2) whether the litigation in which CES is a defendant impacts the bankruptcy estate sufficiently to bestow jurisdiction; (3) whether the bankruptcy court "can purport to exercise jurisdiction to approve fees to be paid out of proceeds of the relevant insurance policy, while finding that the proceeds are not property of the estate"; and (4) "whether the Trustee has the right to select counsel to defend litigation where the Debtor is a nominal party." Dkt. 5. These issues are either not ripe for appeal, or do not present substantial grounds for a difference of opinion.

The court will first address Chartis's argument that it was entitled to and did not receive notice of the Trustee's application for the appointment of special litigation counsel. The Due Process clause requires that parties be given "adequate notice and an opportunity to be heard or to defend" before adverse action is taken. *Aetna Ins. Co. v. Hartshorn*, 477 F.2d 97, 100 (5th Cir. 1973). Chartis did not have notice and an opportunity to be heard before the bankruptcy judge

5

initially approved the application for the appointment of special litigation counsel. However, Chartis was afforded the opportunity to present its objections in its motion to vacate and modify, and it presented its arguments at the hearing held relating to that motion before any adverse actions were taken. *See* Bankr. Dkt. 279; Dkt. 3, Exh. B. The bankruptcy court's findings of fact and conclusions of law reveal that it considered Chartis's substantive arguments relating to the propriety of allowing the Trustee to select special litigation counsel. *See* Bankr. Dkt. 279. Thus, Chartis received the due process to which it claims it was entitled.

The court also finds Chartis's arguments that the bankruptcy court did not have jurisdiction and that the Trustee does not have the right to select counsel because CES is only a nominal party unpersuasive. During the hearing, the bankruptcy judge found the testimony of the Trustee about the potential impact of the Defense Litigation on the litigation against the City of Houston credible, and this court must give "due regard" to the bankruptcy judge's credibility determinations. Fed. R. Bankr. P. 8013; Bankr. Dkt. 279. Additionally, Chartis's predecessor, American International Specialty Lines Insurance Company ("AISLIC"), sent CES two letters specifically stating that it agreed to defend CES but that it reserved the right "to potentially disclaim coverage either in whole or in part in connection with any sums that CES may ultimately be required to pay either to settle the claims asserted in the [lawsuits], or to satisfy any judgment ultimately entered in [the lawsuits]." Bankr. Dkt. 232-2, 232-4. The first letter goes on to note that CES had chosen counsel, upon AISLIC's recommendation, and that under the reservation of rights, CES "will remain free to control and direct the activities of counsel selected to represent [CES]."[1] Bankr. Dkt. 232-2; *see also* Bankr.

---

[1] The insurance contract states that the insurance company "shall have the right and the duty to defend any Claims," but this duty ceases once the applicable limit of liability has been reached. Bankr. Dkt. 234, Exh. 3. The contract also acknowledges that in some instances, the insured "is entitled by law to select independent counsel to defend the Insured at the [insurance] Company's

Dkt. 232-4 (containing a similar statement). These letters were in evidence during the hearing on Chartis's motion to vacate and modify, and the bankruptcy judge specifically mentioned that the reservation of rights weighed into his analysis. Bankr. Dkt. 279 (determining that the Trustee has "got a right to choose the counsel, particularly given the fact that there's a reservation of rights clause").

Chartis claims that the only issue left in Defense Litigation is whether the insurance covers the damages. Dkt. 3. Chartis does not have an interest in ensuring that no wrongdoing is found on CES's part; its only interest is showing that the harm is not covered under the policies. The Trustee, on the other hand, *does* have an interest in ensuring that no wrongdoing is found on CES's part, as a finding of wrongdoing in these actions may have an impact on the litigation against the City of Houston. Therefore, under the reservation of rights, the Trustee, as representative of the estate, should be able to control and direct the activities of counsel. The bankruptcy court did not err in deciding that the Trustee should be able to choose the special litigation counsel for the Defense Litigation.

The final legal issue that Chartis claims is a necessary issue for the court to decide on appeal is whether the bankruptcy court "can purport to exercise jurisdiction to approve fees to be paid out

---

expense." *Id.* Under Texas law, whether "an insurer has the right to conduct its insured's defense is a matter of contract. . . . Under certain circumstances, however, an insurer may not insist upon its contractual right to control the defense." *Northern County Mut. Ins. Co. v. Davalos*, 140 S.W.3d 685, 688 (Tex. 2004). "Every disagreement about how the defense should be conducted cannot amount to a conflict of interest." *Id.* at 689. However, the issuance of a reservation of rights letter "creates a potential conflict of interest." *Id.* If "the facts to be adjudicated in the liability lawsuit are the same facts upon which coverage depends, the conflict of interest will prevent the insurer from conducting the defense." *Id.* "On the other hand, when the disagreement concerns coverage but 'the insurer defends unconditionally, there is, because of the application of estoppel principles, no potential for a conflict of interest between the insured and the insurer.'" *Id.* (quoting 1 Allan D. Windt, Insurance Claims and Disputes § 4.20 at 369 (4th ed. 2001)).

7

of proceeds of the relevant insurance policy, while finding that the proceeds are not property of the estate." This argument is not ripe for appeal. As Chartis notes in its reply, it will need to "file a fee application" with the bankruptcy court before paying the fees submitted by C&S. Chartis claims that it "will be forced to object to any order by the Bankruptcy Court related to approval of those fees. The Courts [sic.] ruling could then result in an appeal either by the Trustee or by Chartis." Dkt. 5. If such an appeal is filed, the issue will be ripe, and the court will then address Chartis's argument.

## IV. CONCLUSION

Chartis's motion to appeal is **DENIED.**

Signed at Houston, Texas on March 31, 2011.

_____
Gray H. Miller
United States District Judge